## Wyatt v. Clark.

(Decided January 10, 1918.)

### Appeal from Madison Circuit Court.

Fraud—In Execution of Deeds—Sufficiency of Evidence.—When it is sought to overthrow a deed upon the ground of fraud or deceit, the evidence must be clear and convincing.

CHENAULT & WALLACE for appellant.

WILLIS, TODD & BOND and J. J. GREENLEAF for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On March 8, 1915, the appellant, Mrs. T. P. Wyatt, her daughter, Lucia Wyatt, and her three sons, E. E., G. H. and W. W. Wyatt, executed to the appellee, Clark, their note for $3,300, and to secure its payment, Mrs. Wyatt, her daughter and W. W. and E. E. Wyatt, on the same day executed to Clark a mortgage on certain land in Madison county in which Mrs. Wyatt owned a life estate and her children the remainder. This mortgage was acknowledged on March 10th by Mrs. Wyatt and thereafter on different days by the other grantors.

In a suit on the note, and to enforce the mortgage lien, Mrs. Wyatt sought to avoid liability and the subjection of her life estate upon the ground that her signature to the note and mortgage was procured by fraud and misrepresentation on the part of Clark and her sons, acting in concert in that they represented to her that it was necessary that she should sign the note and mortgage in order to enable her sons to mortgage their interest in remainder; that no consideration passed to her in the transaction and that she did not know that she was giving a mortgage on her life interest in the land.

Her daughter, Lucia, also set up a defense, but it is not necessary to notice it further, because there is no complaint of the judgment dismissing the suit as to her. Mrs. Wyatt alone prosecutes this appeal from the judgment holding her liable on the notes and subjecting the whole of the land, including her life interest, to its payment.

Briefly, the facts are these: Clark was the lessee of a hotel in Winchester, and the sons of Mrs. Wyatt, or some of them, proposed to buy his lease and also the furniture owned by him and used in conducting the hotel. The negotiations between Clark and the sons of Mrs. Wyatt resulted in their purchase of the lease and furniture for $3,300, which was to have been paid in cash, but the sons being unable to raise the money as they anticipated, proposed to give Clark a mortgage on the land, and pursuant to this arrangement the note and mortgage sued on were executed. At the time the negotiations concerning the hotel were pending between Clark and the Wyatts, it does not appear that Clark had any acquaintance with Mrs. Wyatt or, indeed, any with the Wyatt men until they proposed to buy his lease and furniture. But when it became necessary to execute a note for the purchase price of the property and to give the mortgage

to secure it, Clark, in company with two of Mrs. Wyatt's sons, called to see her, and, according to her statement, which is supported by the evidence of one of her sons, Clark told her that it was necessary that she should sign the note and mortgage in order to enable her sons to mortgage their remainder interest in the property; and her son testifies that previous to this interview with Mrs. Wyatt it was agreed between the sons and Clark that it should be represented to Mrs. Wyatt that she would not incur any liability or subject her life interest in the land but that it was necessary that she should sign the note and mortgage in order to enable her sons to mortgage their remainder interest.

Clark, however, denies all this, although he admits that one of her sons did state in his presence that it would be necessary for her to sign the note and mortgage in order that her sons might mortgage their remainder interest.

After this interview, and in the absence of Clark, the note was signed by Mrs. Wyatt and the mortgage signed and acknowledged by her before a notary public, and then both papers were sent to Clark. There was no relation of trust or confidence of any kind or character between Clark and Mrs. Wyatt. They were, in fact, strangers, and the evidence is not sufficient to show any conspiracy or agreement between Clark and the sons of Mrs. Wyatt to defraud Mrs. Wyatt, or to show that pursuant to any such arrangement she was defrauded. Mrs. Wyatt is shown by the evidence to be a woman of ordinary intelligence and fair business capacity. She had previously at different times signed and acknowledged several deeds and mortgages, and it is fair to presume that she knew the effect of her acts in signing the note and mortgage here in question. Clark had very little, if anything, to do with securing her signature to either, and if any fraud was practiced on her, or any misrepresentations made that induced her to execute these papers which she says she would not have executed if she had known their effect, the fraud was practiced by her sons and not Clark.

Some circumstances in the record are seized hold of by counsel for Mrs. Wyatt, and it is claimed that these, in connection with the admission of Clark that he was present when one of her sons made the statement to her before mentioned, are sufficient to stamp the entire trans-

action as a fraud upon her rights; but a careful reading of the record satisfies us that the judge of the lower court correctly held that the evidence was insufficient to warrant the court in setting aside the note and mortgage, or either, on account of fraud or misrepresentation practiced by Clark individually or in connection with the sons of Mrs. Wyatt.

The questions here involved are purely ones of fact, and it would serve no useful purpose to extend this opinion in setting out further the facts or the reasons that have induced us to agree with the lower court. Sufficient is it to say that when it is sought to overthrow a deed upon the ground of fraud or deceit, the evidence must be clear and convincing, and the evidence here relied on to accomplish this purpose is neither.

The judgment is affirmed.